IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

**LINDA PURLEE**                                                                                        **PLAINTIFF**
6857 Scottsville Navilleton Road
Floyds Knobs, Indiana 47119

Case No. _____

v.

Judge _____

**EQUIFAX INFORMATION SERVICES, LLC**                                     **DEFENDANT**
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    c/o Corporation Service Company
                      135 North Pennsylvania Street, Suite 1610
                      Indianapolis, Indiana 46204
                      (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Linda Purlee, and for her Verified Complaint against the Defendant, Equifax Information Services LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 <u>et seq.</u>, arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's disputes regarding alleged collection accounts on Plaintiff's Equifax credit report.

### II. PARTIES

2. Plaintiff, Linda Purlee, is currently and was at all relevant times a citizen of the State of Indiana residing at 6857 Scottsville Navilleton Road, Floyds Knobs, Indiana 47119.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Indiana as a result of the Defendant doing business in Floyd County, Indiana.

### IV. FACTUAL BACKGROUND

8. In or around July 2019, Plaintiff, who was in the process of attempting to obtain mortgage financing, accessed her Equifax credit report and discovered six alleged collection tradelines.

9. Plaintiff immediately disputed the tradelines to Equifax in writing. Specifically, Plaintiff disputed PNC Bank account number ****170011027911, Seterus Inc. account number ****012233118, Wells Fargo Dealer SVC account number ****00188712, Phoenix Financial account numbers ***47475 and ***75944, and RECMGMTPART account number ***03874. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C.

§1681i(a)(2)(A), notified the above-referenced furnishers of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

10. In or around August 2019, Plaintiff accessed her Equifax credit report and the disputed tradelines were still reporting as they were prior to her dispute. Equifax failed to send Plaintiff her dispute results and failed to investigate these tradelines.

11. Equifax's failure to investigate Plaintiff's disputes and its failure to maintain the accuracy of Plaintiff's credit history have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act

12. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

13. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

14. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

15. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

16. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

18. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Linda Purlee, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Linda Purlee, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Linda Purlee

STATE OF INDIANA )
) SS
COUNTY OF FLOYD )

JENNIFER JEWELL
Notary Public, State of Indiana
Floyd County
Commission #648441
My Commission Expires
October 21, 2021

Subscribed, sworn to and acknowledged before me by Linda Purlee this 26 day of February, 2020.

_____
Notary Public

Commission expires: 10-21-21

6